NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2173
_____

ROBERT M. MUMMA, II,
                              Appellant

v.

BOBALI CORPORATION;
KIM COMPANY; and
PENNSYLVANIA SUPPLY COMPANY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-08-cv-01965)
District Judge:  The Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2010

Before: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed: May 27, 2010)

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Appellant, Robert M. Mumma, II, has been involved in litigation against his mother and sister for more than two decades. Indeed, Appellant identifies his mother and sisters as "long-time foes in bitter family litigation."

We need only recite the essential facts because we assume the parties' familiarity with the background of this civil action and with the proceedings in the District Court. The latest battle in this unfortunate family saga concerns the liquidation of two family businesses: the Kim Company and Pennsylvania Supply Company. Appellant unsuccessfully challenged the liquidation of these two companies in the 1990's. The Kim Company's assets and those of the Pennsylvania Supply Company were conveyed to a tenancy-in-common (Mumma Realty Associates) in 1986. A lengthy and divisive court battle ensued, in which the Appellant challenged the efficacy of the formation of the tenancy-in-common. Appellant was unsuccessful. Both the Kim Company and the Pennsylvania Supply Company have been mere shell corporations since 1986.

Appellant sought declaratory relief in the District Court, asking for an order that would allow him to inspect the books and records maintained by the Kim Company, the Bobali Corporation (another family owned corporation) and the Pennsylvania Supply Company. Appellant alleged that he served demands on the corporations for access to their records. Appellant also filed a motion for equitable relief in the District Court,

2

seeking an expedited hearing on his requests. He also filed a motion to disqualify Appellees' counsel.

The District Court, after determining that both the Pennsylvania Supply Company and the Kim Company had been dissolved in 1986, found that Appellant's general request for those companies' corporate documents was neither reasonably related to Mumma's performance as a director of those companies nor was his request made in good faith under Pennsylvania law.[1] The District Court did, however, permit the Appellant to have access to three limited categories of documents from the Kim Company and Pennsylvania Supply Company — organizations that have been defunct for more than twenty years. The District Court further determined that, as to the Bobali Corporation, Appellant had been given the very records he sought. After careful review of the record in this case and the arguments raised by both parties, we will affirm for essentially the same reasons set forth by the District Court. Indeed, we do not hesitate to conclude — and do so without further discussion — that the District Court acted within its discretion in denying the Appellant's requests for relief.

The Appellant also challenges the District Court's refusal to disqualify Appellee's counsel. We review the District Court's denial of a motion to disqualify an attorney for abuse of discretion unless we are asked to determine whether a disciplinary rule prohibits

---

[1] Appellant has not challenged the District Court's determination that his requests were not made in good faith on appeal.

3

certain professional conduct, in which case review is plenary. *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). We have held that a court may disqualify an attorney only when "disqualification is an appropriate means of enforcing the applicable disciplinary rule[,]" keeping in mind "any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions." *Miller*, 624 F.2d at 1201. Here, since he has failed to establish a violation of the Pennsylvania Rules of Professional Conduct, Appellant's basis for any disqualification is lacking and the District Court did not err in denying his motion.

Finally, we would be remiss if we did not caution the Appellant that the federal courts are not a forum for resolving what this record reveals to be some underlying familial conflict. The record indicates that the Appellant has been engaged in numerous lawsuits against his mother and sister and various Mumma family business interests in both Pennsylvania and Florida for more than two decades. He has also unsuccessfully pursued litigation related to the family businesses in the federal district courts. Appellees label these actions "harassment" and that label may be close to the mark. A district judge recently found the Appellant's claims in another lawsuit to consist of "Frankenstein-like gallimaufry." We therefore caution the Appellant and his counsel that the filing of frivolous, repetitive, or otherwise abusive appeals may invite sanctions and/or damages under the Federal Rules of Appellate Procedure.